UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No. |
| Plaintiff, | |
| v. | Equitable relief is sought |
| DISH NETWORK L.L.C., | |
| Defendant. | |

**COMPLAINT**

Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), alleges:

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355; 15 U.S.C. §§ 45(m)(1)(A), 53(b), 56(a) and 57b. This action arises under 15 U.S.C. § 45(a).

2. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c), 1395(a); 15 U.S.C. § 53(b). A substantial part of the events or omissions giving rise to the claims alleged in this Complaint occurred in this District.

**PLAINTIFF**

3. Plaintiff, the Federal Trade Commission, brings this action under Sections 5(a), 5(m)(1)(A), 13(b), 16(a) and 19 of the FTC Act, 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b), 56(a) and 57b, and Section 6 of the Telemarketing and Consumer Fraud and Abuse Prevention Act (the "Telemarketing Act"), 15 U.S.C. § 6105, to obtain monetary civil penalties, a permanent injunction, and other equitable relief from Defendant for

violations of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the FTC's Telemarketing Sales Rule (the "TSR" or "Rule"), 16 C.F.R. Part 310, as amended by 68 Fed. Reg. 4580, 4669 (January 29, 2003).

## DEFENDANT

4. DISH Network L.L.C. ("DISH Network") is a Colorado company with its principal place of business at 9601 S. Meridian Blvd., Englewood, Colorado 80112. DISH Network transacts business in the Central District of Illinois.

## THE TELEMARKETING SALES RULE

5. Congress directed the FTC to prescribe rules prohibiting abusive and deceptive telemarketing acts or practices pursuant to the Telemarketing Act, 15 U.S.C. §§ 6101-6108, in 1994. On August 16, 1995, the FTC adopted the Telemarketing Sales Rule (the "Original TSR"), 16 C.F.R. Part 310, which became effective on December 31, 1995. On January 29, 2003, the FTC amended the TSR by issuing a Statement of Basis and Purpose ("SBP") and the final amended TSR (the "Amended TSR"). 68 Fed. Reg. 4580, 4669.

6. A "seller" is any person who, in connection with a telemarketing transaction, provides, offers to provide, or arranges for others to provide goods or services to the customer in exchange for consideration. 16 C.F.R. § 310.2(z).

7. A "telemarketer" is any person who, in connection with telemarketing, initiates or receives telephone calls to or from a customer or donor. 16 C.F.R. § 310.2(bb).

8. Since December 31, 1995, sellers and telemarketers have been prohibited from initiating an outbound telephone call to any person who previously has stated that he or she does not wish to receive an outbound telephone call made by or on behalf of the seller whose goods or services are being offered. 16 C.F.R. § 310.4(b)(1)(iii)(A).

9. The words "on behalf of" in 16 C.F.R. § 310.4(b)(1)(iii)(A) mean in the interest of, as a representative of, or for the benefit of.

10. Pursuant to Section 3(c) of the Telemarketing Act, 15 U.S.C. § 6102(c), and Section 18(d)(3) of the FTC Act, 15 U.S.C. § 57a(d)(3), a violation of the Amended TSR constitutes an unfair or deceptive act or practice in or affecting commerce, in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

11. Defendant DISH Network is a "seller" and a "telemarketer" engaged in "telemarketing," as defined by the Amended TSR, 16 C.F.R. § 310.2.  Defendant DISH Network is a seller, for example, since it provides satellite television programming to consumers.  Defendant DISH Network is also a telemarketer, for example, since its employees or call centers initiate or receive telephone calls to or from a consumer.

## DEFENDANT'S BUSINESS PRACTICES

12. Defendant DISH Network sells DISH Network satellite television programming to consumers throughout the United States.

13. Defendant DISH Network markets its programming through a variety of methods, including telemarketing.

14. Defendant DISH Network engages in telemarketing directly to consumers.  DISH Network also hires one or more telemarketers to engage in telemarketing.

15. Defendant DISH Network also markets its programming through a network of authorized dealers who engage in telemarketing.  These authorized dealers are telemarketers.

16. Authorized dealers make outbound telephone calls in the interest of, as a representative of, or for the benefit of DISH Network.

17. Defendant DISH Network authorizes the authorized dealers to market, promote and solicit orders for DISH Network or DISH Network programming, and to use the DISH Network or DISH Network trademark or trade name.

18. DISH Network grants some authorized dealers the right and ability to conduct business through DISH Network's Order Entry System.

19. DISH Network provides installers or installation services to consumers who were solicited by some authorized dealers.

20. Defendant DISH Network maintains sole discretion to set the price for the programming offered to consumers; maintains sole discretion to determine the type of programming offered to consumers; and maintains sole discretion to determine which proposed orders solicited by the authorized dealers will be accepted.

21. Defendant DISH Network, directly or indirectly, pays commissions or other financial incentives to the authorized dealers for marketing, promoting or soliciting orders.

22. Defendant DISH Network has the right to terminate the authorized dealers.

23. DISH Network's authorized dealers hold themselves out as marketing DISH Network programming.

24. DISH Network obtains customers and receives revenue as a result of authorized dealers' outbound telephone calls to consumers.

25. Persons have stated to DISH Network or authorized dealers that they do not wish to receive calls for DISH Network programming, goods or services.

26. Defendant DISH Network and some of its authorized dealers maintain or cause to be maintained lists of phone numbers of persons who have stated that they do not wish to receive an outbound telephone call made by or on behalf of DISH Network.

27. DISH has or had in its possession a list or lists of phone numbers compiled by itself and some of its authorized dealers of phone numbers of persons who stated to DISH or its authorized dealers that they did not wish to receive an outbound telephone call made by or on behalf of DISH Network.

28. Since on or about September 1, 2007, in connection with telemarketing, DISH Network has engaged in initiating millions of outbound telephone calls to phone numbers of persons who have previously stated that they do not wish to receive an outbound telephone call made by or on behalf of DISH Network.

29. Since on or about September 1, 2007, in connection with telemarketing, DISH Network has caused one or more telemarketers to engage in initiating millions of outbound telephone calls to phone numbers of persons who have previously stated that they do not wish to receive an outbound telephone call made by or on behalf of DISH Network.

30. DISH Network, or one or more telemarketers of DISH Network goods or services, has called consumers in the Central District of Illinois, as well as other parts of the United States even when consumers have stated they did not wish to receive an outbound call made by or on behalf of DISH Network programming.

31. At all times relevant to this complaint, Defendant DISH Network has maintained a substantial course of trade or business in the offering for sale and sale of goods or services via the telephone in or affecting commerce as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

32. Defendant DISH Network has engaged in telemarketing by a plan, program or campaign conducted to induce the purchase of goods or services by use of one or more telephones and which involves more than one interstate call.

## VIOLATION OF THE TELEMARKETING SALES RULE

### Count I
### (Violating the Entity-Specific Do-Not-Call Rule)

33. In numerous instances, in connection with telemarketing, DISH Network has engaged in or caused other telemarketers to engage in initiating an outbound telephone call to a person who has previously stated that he or she does not wish to receive such a call made by or on behalf of DISH Network, in violation of the TSR, 16 C.F.R. § 310.4(b)(1)(iii)(A).

## CONSUMER INJURY

34. Consumers in the United States have suffered and will suffer injury as a result of Defendant's violations of the TSR. Absent injunctive relief by this Court, Defendant is likely to continue to injure consumers, reap unjust enrichment, and harm the public interest.

## THIS COURT'S POWER TO GRANT RELIEF

35. Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court to grant injunctive and other ancillary relief to prevent and remedy any violation of any provision of law enforced by the FTC.

36. Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A), as modified by Section 4 of the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, as amended, and as implemented by 16 C.F.R. § 1.98(d) (2008) and by 74 Fed. Reg. 857 (Jan. 9, 2009) (to be codified at 16 C.F.R. § 1.98(d)), authorizes this Court to award monetary civil penalties of up to $11,000 for each violation of the TSR on or before February 9, 2009, and up to $16,000 for each violation of the TSR after February 9,

2009.  Defendant's violations of the TSR were committed with the knowledge required by Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A).

37. This Court, in the exercise of its equitable jurisdiction, may award ancillary relief to remedy injury caused by Defendant's violations of the Rule and the FTC Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court, as authorized by Sections 5(a), 5(m)(1)(A), 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b) and 57b, and pursuant to its own equitable powers:

1. Enter judgment against Defendant and in favor of Plaintiff for each violation alleged in this complaint;

2. Award Plaintiff, the Federal Trade Commission, monetary civil penalties from Defendant for every violation of the TSR;

3. Enter a permanent injunction to prevent future violations of the TSR and the FTC Act by Defendant;

4. Order Defendant to pay the costs of this action; and

5. Award Plaintiff such other and additional relief as the Court may determine to be just and proper.

Dated: August 22, 2012

Respectfully submitted,

WILLARD K. TOM, General Counsel

s/      *Russell Deitch*
RUSSELL DEITCH
GARY IVENS
Federal Trade Commission
600 Pennsylvania Ave. NW, Room 288
Washington, DC  20580
202-326-2585 (Deitch),
202-326-2330 (Ivens)
Fax: 202-326-3395
  *Attorneys for Plaintiff*