# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  12-3221 |
| | ) | |
| DISH NETWORK L.L.C., | ) | |
| | ) | |
| Defendant. | ) | |

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| and the STATES OF CALIFORNIA, | ) | |
| ILLINOIS, NORTH CAROLINA, | ) | |
| and OHIO, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 09-3073 |
| | ) | |
| DISH NETWORK, L.L.C., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge.

On March 5, 2013, this Court held a status hearing in the two cases

captioned above.  At this hearing, the Court addressed several matters,

including whether the two cases should proceed individually or be

consolidated, and whether Plaintiffs in Case No. 09-3073 (Dish I) should be granted leave to amend the Complaint in that case to add the claim brought in Case No. 12-3221 (Dish II).

After considering the arguments at the hearing and the briefing previously provided on several of these issues, the Court DISMISSES Dish II and GRANTS leave to amend in Dish I.

## I. BACKGROUND

**A.     The United States and States of California, Illinois, North Carolina, and Ohio File Lawsuit Against Dish–Case NO. 09-3073 (Dish I)**

In March 2009, the United States of America and the States of California, Illinois, North Carolina, and Ohio filed an action against Dish, Case No. 09-3073 (Dish I).  In April 2009, Plaintiffs amended their complaint.  See d/e 5.

In the Amended Complaint, Plaintiffs allege that Dish violated the Telemarketing Sales Rule (TSR) (16 C.F.R. §§ 310.4, 310.3), the Telephone Consumer Protection Act (TCPA) (47 U.S.C. § 227), and various state statutes.  Specifically, Count I alleges Dish engaged in or

caused a telemarketer to engage in initiating an outbound telephone call to a telephone number on the National Do Not Call Registry in violation of the TSR.  Count II alleges that Dish abandoned or caused telemarketers to abandon outbound telephone calls in violation of the TSR.  Count III alleges that Dish provided substantial assistance or support to certain dealers when Dish knew or consciously avoided knowing that the dealers were abandoning outbound telephone calls in violation of the TSR.  Counts I through III are brought by the United States and seek injunctive relief and civil penalties.

In Counts IV and V, the State Plaintiffs seeks injunctive relief and damages for violations of the TCPA.  Count IV alleges that Dish, either directly or through third parties acting on its behalf, called telephones on the Do Not Call List in violation of the TCPA.  Count V alleges that Dish, either directly or through third parties acting on its behalf, used pre-recorded sales pitches in violation of the TCPA.

Finally, in Counts VI, VII, VIII, IX, X, and XI, each state Attorney General seeks relief under each state's respective statute that prohibt

these forms of telephone solicitations.

Dish raised several affirmative defenses.  See d/e 26.  One of those
affirmative defenses included the TSR's Safe Harbor provisions.  See d/e
26.  See 16 C.F.R. § 310.4(b)(4).

In December 2010, Dish filed a Motion to Stay this Action
Pursuant to the Doctrine of Primary Jurisdiction, or in the Alternative to
Stay All Counts IV-XI to the Extent They Claim "On Behalf Of" Liability
and Refer that Issue to the Federal Communications Commission (FCC).
See d/e 67.

In February 2011, the Court allowed the motion in part.  The
Court stayed all matters related exclusively to the TCPA but allowed the
parties to proceed on discovery and other matters related to any non-
TCPA claims.  See Opinion (d/e 86).  The Court also ordered the parties
to jointly file an administrative complaint with the FCC seeking the
FCC's interpretation of the phrase "on behalf of."  See Opinion (d/e 86).
In addition, the Court directed the parties to file a status report once the
FCC resolves the administrative complaint.  Because the parties have not

filed a status report, the Court assumes the FCC has not resolved the administrative complaint.

On May 22, 2012, Dish filed a Motion for a Stay of the Case Pending Resolution of Issues Referred to the Federal Communication Commission (d/e 133) and an Amended Motion to Stay (d/e 140).  Dish asserted that a complete stay of the action upon the close of fact discovery, pending a determination of the issues referred to the FCC, would serve the interests of judicial economy.

On June 21, 2012, this Court denied the Motion and Amended Motion, finding that a stay of the entire case would not reduce the burden of litigation on the parties and the Court and would not serve the interests of judicial economy.  This Court noted that Counts I through III and the State Plaintiffs' statutory claims were not predicated on the TCPA and do not depend on the FCC's ultimate ruling.

On May 18, 2012, Plaintiffs filed their Motion for Leave to File Second Amended Complaint (d/e 135).  When Plaintiffs filed that motion, fact discovery was set to close on May 25, 2012.  The parties

later agreed to extend that deadline to June 22, 2012 for certain limited

outstanding discovery.  See Consent Motion (d/e 139); Text Order

granting Consent Motion May 23, 2012 (also extending additional

deadlines).

In the Motion for Leave to File Second Amended Complaint,

Plaintiffs sought to conform the pleadings to Plaintiffs' discovery of

evidence that Dish made 10.1 million telemarketing calls to consumers

on Dish's own internal Do Not Call List.  Plaintiffs sought to add one

count alleging that Dish violated the entity-specific do-not-call provision

of the TSR, 16 C.F.R. § 310.4 (b)(1)(iii)(A).  Specifically, Plaintiffs

sought to add the following  paragraphs of legal background and factual

allegations:

> 17.  Since December 31, 1995, sellers and
> telemarketers have been prohibited from initiating
> an outbound telephone call to any person who
> previously has stated that he or she does not wish
> to receive an outbound telephone call made by or
> on behalf of the seller whose goods or services are
> being offered.  16 C.F.R. § 310.4(b)(1)(iii)(A).

> 34.  Defendant DISH Network and some of its
> authorized dealers maintain or cause to be

> maintained lists of phone numbers of persons who
> have stated that they do not wish to receive an
> outbound telephone call made by or on behalf of
> DISH Network.
>
> 39.  Since on or about October 17, 2003, DISH
> Network has initiated outbound telephone calls to
> phone numbers of persons who have stated that
> they do not wish to receive an outbound telephone
> call made by or on behalf of DISH Network.

Plaintiffs also sought to add a new Count II (and renumber the other

counts):

> 67.  In numerous instances, in connection with
> telemarketing, DISH Network has engaged in or
> caused other telemarketers to engage in initiating
> an outbound telephone call to a person who has
> previously stated that he or she does not wish to
> receive such a call made by or on behalf of DISH
> Network, in violation of the TSR, 16 C.F.R. §
> 310.4(b)(1)(iii)(A).

In June 2012, United States Magistrate Judge Byron G. Cudmore

denied the Motion for Leave to File Second Amended Complaint.  See

Opinion (d/e 155).  Judge Cudmore found that Plaintiffs unduly delayed

filing the proposed amendment and that the delay prejudiced Dish.

Judge Cudmore also noted: "If the FTC elects to authorize a new suit,

then both the United States and Dish will have a full opportunity to

litigate that claim."  Opinion, p. 16 (d/e 155).

**B.    The Federal Trade Commission Files a New Lawsuit– Case No. 12-3221 (Dish I)**

On August 22, 2012, the Federal Trade Commission (FTC) filed

Case No. 12-3221 (Dish II).  The Complaint in Dish II raised essentially

the claim Plaintiffs were denied leave to add to their Complaint in Dish I.

Specifically, the Complaint alleged, in relevant part, that:

> 8.  Since December 31, 1995, sellers and
> telemarketers have been prohibited from initiating
> an outbound telephone call to any person who
> previously has stated that he or she does not wish
> to receive an outbound telephone call made by or
> on behalf of the seller whose goods or services are
> being offered.  16 C.F.R. § 310.4(b)(1)(iii)(A).

> 26.  Defendant DISH Network and some of its
> authorized dealers maintain or cause to be
> maintained lists of phone numbers of persons who
> have stated that they do not wish to receive an
> outbound telephone call made by or on behalf of
> DISH Network.

> 28.  Since on or about September 1, 2007, in
> connection with telemarketing, DISH Network
> has engaged in initiating millions of outbound
> telephone calls to phone numbers of persons who

have previously stated that they do not wish to
receive an outbound telephone call made by or on
behalf of DISH Network.

29.  Since on or about September 1, 2007, in
connection with telemarketing, DISH Network
has caused one or more telemarketers to engage in
initiating millions of outbound telephone calls to
phone numbers of persons who have previously
stated that they do not wish to receive an
outbound telephone call made by or on behalf of
DISH Network.

Count I, the sole count of the Complaint, alleged the following violation

of the entity specific do-not-call rule:

33.  In numerous instances, in connection with
Telemarketing, DISH Network has engaged in or
caused other telemarketers to engage in initiating
an outbound telephone call to a person who has
previously stated that he or she does not wish to
receive such a call made by or on behalf of DISH
Network, in violation of the TSR, 16 C.F.R. §
310.4(b)(1)(iii)(A).

See Complaint (d/e 1).

On September 15, 2012, Dish filed a Motion to Dismiss asserting

that the claim was barred by (1) claim preclusion or the doctrine against

claim splitting and/or (2) the statute of limitations.  The case, which had

been assigned to United States District Judge Richard Mills, was reassigned to this Judge on November 7, 2012.

Upon review of the Motion to Dismiss, the Court set the matter for hearing with Dish I to determine whether the cases should be consolidated or whether the Court should grant Plaintiffs leave to amend their Complaint in Dish I. <u>See</u> Text Order of January 17, 2013 (both Dish I and Dish II).

## II.  ANALYSIS

## A.    The Claims Should Be Brought in the Same Lawsuit

The Court set the status hearing because the Court was inclined to deny the Motion to Dismiss in Dish II and consolidate the two cases. The Court was alternatively considering overruling Judge Cudmore's denial of leave of the Second Amended Complaint in Dish I and allowing the claim to proceed solely in Dish I.  The Court addresses each in turn.

### 1.    <u>Dish II Is Not Barred by Res Judicata or the Statute of Limitations</u>

Federal res judicata has three elements: (1) the same parties, either directly or through privity; (2) a dispute arising from the same operative

facts; and (3) a final decision in the first lawsuit.  <u>United States ex rel.</u>

<u>Lusby v. Rolls-Royce Corp.</u>, 570 F.3d 849, 851 (7th Cir. 2009).  In this

case, there is no final decision in Dish I as Dish I is still pending.

The Court recognizes that courts in other jurisdictions have held

that the denial of a motion for leave to amend is a final judgment, even if

the case in which it was brought is still pending.  <u>See</u>, <u>e.g.</u>, <u>Crystal Import</u>

<u>Corp. v. Avid Identification Systems, Inc.</u>, 582 F. Supp. 2d 1166 (D.

Minn. 2008) (holding that the denial of a motion for leave to amend is a

final judgment on the merits, even though the first action remained

pending).  The parties dispute whether courts in the Seventh Circuit have

held the same.

As stated by Plaintiff in its Opposition to Dish's Motion to Dismiss

(d/e 13), the cases cited by Dish in support of its argument that the

Seventh Circuit would find that the denial of a motion for leave to

amend is a final judgment are distinguishable.  Specifically, in the cases

cited by Dish, a substantive ruling that ended the first case occurred

before res judicta applied to the second suit.  <u>See</u>, <u>e.g.</u>, <u>Johnson v.</u>

Cypress Hill, 641 F.3d 867, 874 (7th Cir. 2011) (finding that second suit attempting to bring the claim that the plaintiff was not granted leave to file in the first lawsuit was barred by res judicata; however, summary judgment had been entered in the first lawsuit by the time the plaintiff filed the second lawsuit).

In this case, the denial of the motion for leave to amend in Dish I is not a final judgment because Dish I is still pending.  Further, the order denying leave does not contain Federal Rule of Civil Procedure 54(b) language directing final judgment and determining there was no just reason for delaying enforcement or appeal.  See Fed.R.Civ.P. 54(b) (providing that without such language, an order that adjudicates fewer than all of the claims, rights, or liabilities of fewer than all the parties may be revised at any time prior to entry of a judgment adjudicating all the claims).  In fact, a motion for leave to amend is considered a nondispositive motion for purposes of Rule 72.  Fed.R.Civ.P. 72(a) (a magistrate judge may hear and determine matters that are not dispositive of a claim or defense); Hall v. Norfolk, S.Ry.Co., 469 F.3d 590, 595 (7th

Cir. 2006).  Therefore, the ruling on the motion for leave to amend in

Dish I can still be revised and does not become final until entry of

judgment adjudicating all the claims.

In addition, res judicata does not apply because Judge Cudmore

expressly left open the possibility of a second action when he denied the

motion for leave to amend in 09-3073.  Specifically, on page 16 of the

Opinion, Judge Cudmore wrote, in response to the Plaintiffs' argument

that the amendment promoted judicial economy because the FTC could

authorize a new action on the proposed new claim:

> If the FTC elects to authorize a new suit, then
> both the United States and Dish will have a full
> opportunity to litigate that claim.

Therefore, the new lawsuit is not barred by res judicata or the doctrine

against claim splitting.   See Central States, Southeast & Southwest Areas

Pension Fund v. Hunt Truck Lines, Inc., 296 F.3d 624, 629 (7th Cir.

2002) (noting the exception to res judicata if the court in the earlier

action expressly reserved the litigant's right to bring a claim in a later

action); Parvati Corp. v. City of Oak Forest, 2012 WL 957479, at *6

(N.D. Ill. 2012) (finding that the court in the first action maintained the plaintiff's right to bring the action in a second lawsuit when it "expressly anticipated the possibility of a second lawsuit").

Because Dish II will not be dismissed on res judicata grounds, the Court next looks at whether Dish II should be dismissed on statute of limitations grounds.

A complaint does not have to anticipate affirmative defenses to survive a motion to dismiss.  United States v. Lewis, 411 F.3d 838, 842 (7th Cir. 2005); Hollander v. Brown, 457 F.3d 688, 691 n.1 (2006) ("[A] federal complaint does not fail to state a claim simply because it omits facts that would defeat a statute of limitations defense").  The FTC did not plead itself out of court because it did not allege facts sufficient to establish the defense of statute of limitations.  The Dish II Complaint alleges that "[s]ince on or about September 1, 2007," Dish initiated the calls in question.  That language suggests the complained of conduct continued through the filing of the complaint.  Moreover, the Court notes, without deciding, that the parties dispute whether a statute of

limitations even applies and the length of that statute of limitations.  See

Dish's Motion (d/e 7) (arguing that a three-year statute of limitations

applies); Plaintiff's Opposition (d/e 13) (arguing that no statute of

limiations is applicable to Section 13(b), a five year statute of limitations

applies to Section 5(m)(1)(A), and a three-year statute of limitation

applies only to actions for consumer redress for rule violations).

If the Court does not dismiss Dish II, then consolidation of the two

cases is a possibility.  See Connecticut General Life Ins. Co. v. Sun Life

Assur. Co. of Canada, 210 F.3d 771, 774 (7th Cir. 2000) (noting that in

appropriate circumstances, a court may consolidate cases "whether or not

the parties want the cases consolidated").  However, for the reasons set

forth below, the Court finds that the best approach is to grant Plaintiffs

leave to amend in Dish I and to dismiss Dish II without prejudice.

2.      Leave to Amend is Granted to Add the Claim in Dish I

As noted above, Plaintiffs tried to bring the claim in Dish II by way

of amendment in Dish I, which Judge Cudmore denied.  Although

Plaintiffs did not object to that order, this Court is not precluded from

reviewing it.  <u>See</u> <u>Schur v. L.A. Weight Loss Centers, Inc.</u>, 577 F.3d 752, 760-61 (7th Cir. 2009); <u>Kruger v. Apfel</u>, 214 F.3d 784, 787 (7th Cir. 2000).

A magistrate judge's disposition will be set aside only if it is clearly erroneous or contrary to law.  Fed.R.Civ.P. 72(a).  A disposition is clearly erroneous when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." <u>Anderson v. City of Bessmer City</u>, 470 U.S. 564, 573 (1985), <u>quoting</u> <u>United States v. U.S. Gypsum Co.</u>, 333 U.S. 364, 395 (1948).  Under the particular circumstances of the case, leave should have been granted.

Federal Rule of Civil Procedure 15(a) provides that leave to amend shall be freely given when justice so requires.  Fed.R.Civ.P. 15(a). Nonetheless, a court may deny a party leave to amend "where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile."  <u>Cypress Hill</u>, 641 F.3d at 871-72 (holding that allowing the plaintiff to "change the court of the litigation four years into

the case would be prejudicial" to the defendant), quoting Hukic v. Aurora

Loan Servs., 588 F.3d 420, 432 (7th Cir. 2009) (affirming denial of leave

to amend where the plaintiff sought leave three days before the close of

fact discovery and sought to add eleven new causes of action and another

defendant).

In this case, Judge Cudmore found both undue delay and undue

prejudice.  However, Plaintiffs adequately justified the delay.  Moreover,

any prejudice Dish would suffer by allowing the new claim can be

remedied.

As Judge Cudmore noted, Plaintiffs knew in October 2011, at the

latest, that they had evidence to support the new claim.  Judge Cudmore

found, however, that Plaintiffs had failed to offer an adequate

explanation for waiting until the close of discovery to seek leave to add

the new claim.

Plaintiffs adequately explained that the delay between finding the

information in October 2011 and filing the motion for leave to amend in

May 2012 was due to Dish's purported delay in confirming the findings

in Plaintiffs' call record analysis.  <u>See</u> Plaintiffs' Motion, p. 7 (d/e 135)

(asserting that Plaintiffs expected that Dish would respond to the

information with its own analysis and also noting Dish's obligation to

respond to discovery depending on Dish confirming the findings in

Plaintiffs' call record analysis); December 23, 2011 Letter  (d/e 135-21)

(letter providing what the Plaintiffs' analysis of the calls found, noting

the alleged entity-specific violations); February 3, 2012  letter (d/e 135-

22) (noting that the results of the analysis should allow Dish to respond

to the discovery; the letter specifically notes that Plaintiffs provided

information about whether particular calls were made to persons with

whom Dish had an established business relationship).  The documents

attached to Plaintiffs' Motion and Reply showed that Plaintiffs

reasonably sought and waited for confirmation and additional discovery

responses from Dish before seeking leave to amend.  Moreover, once it

became clear that Dish was not going to respond, Plaintiffs did seek

leave.

   Judge Cudmore also found that Dish would be prejudiced because

Plaintiffs' undue delay denied Dish "the opportunity to conduct discovery regarding potential liability for hundreds of billions of dollars in civil penalties that would be added by the proposed new claim." Opinion p. 15 (d/e 155 ).

However, the issue of Dish's compliance with its own internal do-not-call lists is already a part of Dish I. According to Plaintiffs, Dish's primary defense to Plaintiffs' claim that Dish made calls to numbers on the national do-not-call list is that Dish had an established business relationship for that phone number. However, Dish cannot assert an established business relationship for calls to numbers where the owner of the number requested to be placed on Dish's internal do-not-call list. <u>See</u> 16 C.F.R. § 301.4(b)(1)(iii)(B)(ii); 47 C.F.R. § 64.1200(f)(4)(i) (2009). The internal call list is also relevant to a safe harbor affirmative defense.

In addition, any prejudice can be cured by, as this Court noted at the hearing, reopening discovery on this issue. The Court is going to enter a new scheduling order with input by the parties. Dish will be entitled to conduct the discovery necessary to protect its rights. Dish

would have had to conduct such discovery in Dish II even if the amendment in Dish I were denied.

As for delay, resolution of the entire case is already going to be delayed because of the referral of the "on behalf of" issue to the FCC. Dish recognized this by asking for a stay in May 2012. Finally, judicial economy will be best served by addressing all of these claims in one lawsuit.

The Opinion denying Plaintiff's Motion for Leave to File Second Amended Complaint in Case No. 09-3073 (d/e 155) is VACATED, and the Motion is GRANTED. The Second Amended Complaint is deemed filed the date Plaintiffs sought leave, May 18, 2012. See Moore v. State of Indiana, 999 F.2d 1125, 1131 (7th Cir. 1999) (submission of a motion for leave to amend accompanied by a proposed amended complaint tolls the statute of limitations); Gold v. YouMail, Inc., 2013 WL 652549, at *2 (S.D.Ind. February 21, 2013) (amended complaint is deemed filed as of the date of the motion for leave).

**B. Motion for Leave to File Certain Documents Under Seal**

The Court also asked the parties to address at the hearing Dish's

Motion (d/e 251) for leave seeking to file certain documents under seal in

Dish I.  <u>See</u> Text Order of February 27, 2013.  Plaintiffs object to Dish's

Motion.  <u>See</u> d/e 254.

The Court has reviewed the documents Dish seeks to seal.  The

Court also notes that numerous pleadings are sealed in this Court file by

both Plaintiffs and Dish.

A presumption exists that the court record will be open absent

compelling reasons.  <u>Charvat v. Echostar Satellite, LLC</u>, 269 F.R.D. 654,

656 (S.D. Ohio 2010).  The Seventh Circuit has "insisted that litigation

be conducted in public to the maximum extent consistent with respecting

trade secrets, the identities of under cover agents, and other facts that

should be held in confidence."  <u>Hicklin Eng'g L.C. v. R.J. Bartell</u>, 439

F.3d 346, 348 (7th Cir. 2006); <u>see</u> <u>also</u> <u>Citizens First Nat. Bank of</u>

<u>Princeton v. Cincinnati Ins. Co.</u>, 178 F.3d 943 (7th Cir. 1999)

(documents should be sealed only for good cause, such as to protect trade

secrets).  The documents here do not appear to contain trade secrets or

confidential information.

Therefore, this Court orders that the sealed documents be unsealed. However, before the Clerk of the Court unseals those documents, Dish and Plaintiffs are given 30 days to identify specific documents that should remain sealed.  Either party may object to the opposing party's identification of document that should remain sealed within 14 days of the submission.

## C.  Parties Shall Meet and Confer Regarding a Joint Scheduling Order

Because of the filing of the Second Amended Complaint, a new scheduling order is necessary.  At the hearing, the Court set this case for a three-week jury trial beginning April 8, 2014.  <u>See</u> Opinion (d/e 66) (finding the Government had a right to demand a jury trial on the issue of liability on its claim for civil penalties).  The parties shall attempt to reach an agreement regarding scheduling.  The parties shall file either a joint Rule 16 Scheduling Order or, if the parties cannot agree, separate proposed Rule 16 Scheduling Orders within 14 days of the March 5, 2013 hearing.

## D.  Motion to Strike is Denied as Moot

Because new deadlines will be set in the new scheduling order,

Dish' Motion to Strike Plaintiffs' December 14, 2012 Discovery

Responses (d/e 242) is DENIED AS MOOT.

## E.  Additional Matters

The Court reminds the parties that Judge Cudmore is available for

mediation if the parties so desire.  Moreover, this Judge is also willing to

conduct a mediation by agreement of the parties.

The parties may appear at future hearings by way of telephone or

video-conferencing.  The Court's video-conferencing system can

accommodate up to 20 people.  The parties should notify the Clerk's

office if they wish to appear by telephone or video-conferencing.

The Court commends the attorneys for their extremely helpful

arguments and exemplary briefing of the issues.

## III.  CONCLUSION

For the reasons stated herein and at the March 5, 2013 hearing, the

Court enters the following orders:

1.   The Motion to Dismiss (d/e 6) in Case No. 12-3221 is

     DENIED.  However, Case No. 12-3221 is DISMISSED

     WITHOUT PREJUDICE with leave granted to Plaintiffs to

     file the claim in Case No. 09-3073 and without prejudice to

     Dish raising a res judicata defense in Dish I.

2.   The Opinion (d/e 155) denying Plaintiffs' Motion for Leave

     to File Second Amended Complaint in Case No. 09-3073 is

     VACATED.  Plaintiffs' Motion for Leave to File Second

     Amended Complaint (d/e 135) is GRANTED.  The Clerk is

     DIRECTED to file the Second Amended Complaint (d/e 135-

     1).  The Second Amended Complaint is deemed filed as of

     May 18, 2012.

3.   Dish's Motion for Leave to File Document Under Seal (d/e

     251) is DENIED.  The Court intends to unseal all of the

     documents filed under seal in this case.  However, before

     doing so, the parties are granted 30 days from the March 5,

     2013 hearing, to identify those sealed documents that they

believe should remain sealed or should have portions

redacted.  The opposing party may thereafter, within 14 days,

file a response.

4.    Within 14 days of the March 5, 2013 hearing, the parties

shall submit either a joint Scheduling Order or their own

Scheduling Order if the parties cannot reach an agreement.

This matter is set for jury trial beginning on April 8, 2014.

5.    Dish's Motion to Strike/Preclude Plaintiffs' December 14,

2012 Discovery Responses (d/e 242) is DENIED AS MOOT

in light of the anticipated new scheduling order.

ENTER: March 11, 2013

FOR THE COURT:                    s/Sue E. Myerscough
                                    SUE E. MYERSCOUGH
                              UNITED STATES DISTRICT JUDGE