# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## NOTICE OF ISSUANCE OF MANDATE

August 26, 2013

To:  Kenneth A. Wells
UNITED STATES DISTRICT COURT
Central District of Illinois
United States Courthouse & Federal Building
Springfield , IL 62701-0000

| No.: 13-1860 | FEDERAL TRADE COMMISSION, Plaintiff - Appellee<br><br>v.<br><br>DISH NETWORK L.L.C., Defendant - Appellant |
|---|---|
| **Originating Case Information:** | |
| District Court No: 3:12-cv-03221-SEM-BGC<br>Central District of Illinois<br>District Judge Sue E. Myerscough | |

Herewith is the mandate of this court in this appeal, along with the Bill of Costs, if any. A certified copy of the opinion/order of the court and judgment, if any, and any direction as to costs shall constitute the mandate.

RECORD ON APPEAL STATUS:        No record to be returned

**NOTE TO COUNSEL:**

If any physical and large documentary exhibits have been filed in the above-entitled cause, they are to be withdrawn ten (10) days from the date of this notice. Exhibits not withdrawn during this period will be disposed of.

Please acknowledge receipt of these documents on the enclosed copy of this notice.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Received above mandate and record, if any, from the Clerk, U.S. Court of Appeals for the Seventh Circuit.

**Date:**                                                       **Received by:**

___8/26/2013___                                    ___s/Christy Taylor___

form name: **c7_Mandate**(form ID: **135**)

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois  60604

CERTIFIED COPY
A True Copy
Teste:
Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

July 3, 2013

*Before*

**William J. Bauer,** *Circuit Judge*
**Diane S. Sykes,** *Circuit Judge*
**David F. Hamilton,** *Circuit Judge*

```
FEDERAL TRADE COMMISSION,           ] Appeal from the United
        Plaintiff-Appellee,         ] States District Court for
                                    ] the Central District of
No. 13-1860                    v.   ] Illinois.
                                    ]
DISH NETWORK L.L.C.,                ] No. 3:12-cv-03221-SEM-BGC
        Defendant-Appellant.        ]
                                    ] Sue E. Myerscough, Judge.
```

O R D E R

Appellant DISH Network L.L.C. appeals the judgment which "dismissed [this case] without prejudice with leave granted to Plaintiffs [sic] to file a claim in Case No. 09-3073...."  This dismissal is not an appealable final judgment because the Federal Trade Commission is permitted to proceed with its claim.

A dismissal is not final if a plaintiff may file an amended complaint resurrecting the lawsuit.  *Principal Mutual Life Ins. Co. v. Cincinnati TV 64 Ltd. Partnership*, 845 F.2d 674, 676 (7th Cir. 1988).  Further, we have reminded litigants that "[a] dismissal without prejudice is an appealable final order if it ends the suit so far as the district court is concerned....But a dismissal without prejudice is not appealable if it amounts to merely telling the plaintiff 'to patch up the complaint, or take some other easily accomplished step'; in that event, it 'is no more reviewable than the resolution of a discovery dispute or equivalent interlocutory ruling.'"  *Taylor-Holmes v. Office of the Cook County Public Guardian*, 503 F.3d 607, 610 (7th Cir. 2007).

- over-

In the present case, the district judge explicitly granted the Federal Trade Commission leave to re-file its claim against DISH Network L.L.C. That the district judge further directed the claim be filed in a different lawsuit pending before her between the same parties, rather than re-filed in this case, is of no import. The test of finality is whether the district judge has finished with the case. *Shapo v. Engle*, 463 F.3d 641, 643 (7th Cir. 2006); *Shah v. Inter-Continental Hotel Chicago Operating Corp.*, 314 F.3d 278, 281 (7th Cir. 2002). And, the district judge in the present case made it clear that she was not done with the FTC's claims against DISH Network L.L.C.

The notation in the judgment form that "[t]his case is closed" is not conclusive that the district judge was done with the Federal Trade Commission's claim against Dish Network L.L.C. On the contrary, the district judge explicitly concluded that judicial economy would be served by addressing all of the claims against DISH Network L.L.C. in a single proceeding. Cf. *Ennenga v. Starns*, 677 F.3d 766, 772 (7th Cir. 2012) (district judge was "finished with the case once and for all" where the order said the case was "closed" and gave no "indication that the judge expect[ed] or would entertain an amended complaint"). The district court plainly closed the present case for administrative expediency only. See *ITOFCA, Inc. v Megatrans Logistics, Inc.*, 235 F.3d 360, 364 (7th Cir. 2000) ("The finality requirement of § 1291 should be applied practically rather than technically.").

This appeal is DISMISSED.